Victor L. Townes, Respondent, v Harlem Group, Inc., et al., Appellants, et al., Defendant. [920 NYS2d 21]—

Supreme Court properly determined that appellants made a prima facie showing of entitlement to summary judgment as to plaintiff's claims of "significant limitation of use" of his cervical spine, lumbar spine, and right knee (Insurance Law § 5102 [d]). Appellants submitted competent and objective medical evidence that plaintiff did not suffer a loss of range of motion as to any of those organs or systems (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Appellants also submitted sufficient evidence that plaintiff's conditions were degenerative or age-related, which shifted the burden of refuting the same to plaintiff (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Rodriguez v Abdallah*, 51 AD3d 590, 591-592 [2008]).

Supreme Court also properly determined that appellants met their initial burden as to plaintiff's 90/180-day claim by offering the affirmed reports of a radiologist who, after examining MRI images of plaintiff's alleged injuries taken during the relevant period, concluded that the injuries were "only age-related degenerative changes" (*Reyes v Esquilin*, 54 AD3d 615, 615 [2008]). In any event, plaintiff submitted competent evidence that sufficiently raises a question of fact as to his 90/180-day claim. The affirmation of plaintiff's treating physician specifically incorporates by reference her reports of her examination conducted on September 25, 2006, two weeks after the accident, and December 21, 2006, over two months after the accident, both which tend to support this claim.

With respect to his alleged significant limitation of use claims, plaintiff failed to raise an issue of fact (*see Wadford v Gruz*, 35 AD3d 258, 258 [2006]). While plaintiff's treating physician thoroughly conducted and aptly explained the objective testing methods employed for each of plaintiff's three injured body parts in properly affirmed reports based on an examination conducted within weeks of the accident (*see Dufel v Green*, 84

NY2d 795, 798 [1995]; *Engles v Claude*, 39 AD3d 357 [2007]), plaintiff has failed to submit any proof of a recent medical examination showing a loss of range of motion in his cervical spine, lumbar spine, and right knee (*see Antonio v Gear Trans Corp.*, 65 AD3d 869 [2009]; *Thompson v Abbasi*, 15 AD3d 95, 97 [2005]).

We have considered appellants' remaining contentions, and find them unpersuasive. Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.