■ LUDWIGN H. ZAMBRANA, Appellant, v ROBERT J. TIMOTHY et al., Respondents. [943 NYS2d 92]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered September 21, 2011, which granted defendants' motion for summary judgment dismissing the complaint alleging serious injuries under the "permanent consequential limitation of use," "significant limitation of use" and 90/180-day categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.

On January 9, 2008, then 26-year-old plaintiff was driving on the Van Wyck Expressway when a vehicle owned by defendant Clifford C. Hay, Inc. and driven by defendant Timothy J. Robert collided with his car. Plaintiff commenced this action alleging that he sustained serious injuries to his right knee.

Defendants established prima facie absence of a serious injury by submitting the report of an orthopedist who examined plaintiff on November 18, 2010, and found full range of motion, and absence of disability, permanency, or residuals (*see De La Cruz v Hernandez*, 84 AD3d 652, 652 [2011]).

Notwithstanding plaintiff's arguments that his medical records contain objective evidence of injuries, that he had adequately explained his cessation of treatment, and that he need not submit contemporaneous quantitative evidence of limitations to sustain his claims, he failed to raise a triable issue of fact as to existence of a permanent serious injury since he did not submit any objective evidence of limitations based on a recent examination of his knee (*see Perl v Meher*, 18 NY3d 208, 219-220 [2011]; *Harrigan v Kemmaj*, 85 AD3d 559 [2011]; *Thompson v Abbasi*, 15 AD3d 95, 97-98 [2005]). The most current medical evidence upon which plaintiff relies is the operative report dated October 18, 2008, which was prepared more than two years before defendants' expert's findings of full range of motion and resolved symptoms.

Defendants met their burden of proof as to plaintiffs' 90/180-day claim by relying on plaintiff's medical records, and his deposition testimony, which are insufficient to establish that he was unable to perform substantially all of the material acts which constitute his usual and customary daily activities during

the requisite period (*see Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]).

Plaintiff failed to raise an issue of fact. The medical records upon which he relies indicate that, as of February 7, 2008, he was only "temporarily partially disabled" and, if he were working, would have been able to return to work with light duty restrictions (*see Perl*, 18 NY3d at 220; *Williams v Perez*, 92 AD3d 528 [2012]). Without any corroborating objective medical evidence, his affidavit, which simply repeats that he was curtailed from job hunting and confined to home during the requisite period, is insufficient to sustain a 90/180-day claim (*see Rosa-Diaz v Maria Auto Corp.*, 79 AD3d 463 [2010]; *Blake v Portexit Corp.*, 69 AD3d 426 [2010]). Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ.