■ Leticia Williams, Appellant, v Erik J. Horman et al., Respondents. [944 NYS2d 135]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered May 4, 2011, which granted the motion of defendants Djiby Sy and Sunrise Limo Enterprise for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to dismiss the complaint as against all defendants, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The moving defendants (defendants) established their entitlement to judgment as a matter of law by showing that plaintiff did not sustain permanent consequential or significant limitations to her cervical spine and right shoulder. Defendants submitted the affirmed report of an orthopedic surgeon, who, based upon an examination of plaintiff and a review of her medical records, concluded that plaintiff had fully recovered from a mild sprain of the cervical spine and that the injury to her right shoulder was due to a preexisting condition. Defendants also submitted the affirmed report of a radiologist who reviewed the MRIs of plaintiff's cervical spine and right shoulder, and found preexisting and degenerative conditions and no indication of traumatic injury (see *Migliaccio v Miruku*, 56 AD3d 393, 394 [2008]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's treating orthopedist examined her three months after the accident, and found normal range of motion, and subsequent conflicting findings of limitations in the cervical spine by another physician were not explained (see *Jno-Baptiste v Buckley*, 82 AD3d 578 [2011]). Plaintiff also failed to submit any recent report contradicting the findings of defendants' orthopedic surgeon that her cervical sprain had completely resolved (see *Feliz v Fragosa*, 85 AD3d 417, 418 [2011]), and offered no medical evidence refuting the findings of defendants' experts that her cervical spine condition was attributable to preexisting conditions unrelated to trauma (see *Lazu v Harlem Group, Inc.*, 89 AD3d 435 [2011]).

Regarding her right shoulder injury, plaintiff's orthopedic surgeon opined that the rotator cuff tear was directly related to the accident, but did not quantify any limitations in range of motion either before or after he performed surgery to repair the tear, and found only an unquantified "mild limitation of range

of motion" upon recent examination following a second, unrelated injury to plaintiff's shoulder. Absent any objective medical evidence explaining or contradicting the normal findings by plaintiff's orthopedist, plaintiff failed to raise a triable issue of fact as to whether she suffered a serious injury to her shoulder following the accident (*see Canelo v Genolg Tr., Inc.*, 82 AD3d 584, 585 [2011]; *see also Winters v Cruz*, 90 AD3d 412 [2011]). Moreover, the existence of a tear in a shoulder ligament and of bulging and herniated discs is not evidence of serious injury in the absence of objective proof of the extent of the alleged physical limitations resulting from the injury, and its duration (*see DeJesus v Paulino*, 61 AD3d 605, 608 [2009]).

Defendants established their entitlement to summary judgment dismissing the 90/180-day claim based upon, inter alia, plaintiff's deposition testimony that she stayed home only for three days after the accident, and plaintiff failed to raise an issue of fact in opposition (*see Lopez v Abdul-Wahab*, 67 AD3d 598, 600 [2009]).

Furthermore, although it appears that codefendant Horman did not move for summary judgment, dismissal of the complaint as against him is also warranted because "if plaintiff cannot meet the threshold for serious injury against one defendant, she cannot meet it against the other" (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]). Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.