■ MARTINE MARCELLUS, Appellant, v JAMES M. FORVARP et al., Respondents, et al., Defendants. [956 NYS2d 13]—

Defendants established their entitlement to judgment as a matter of law by showing that the injuries plaintiff sustained to her right shoulder were not serious within the meaning of Insurance Law § 5102 (d). Defendants submitted evidence showing that plaintiff had previously injured her right shoulder in a 2004 accident, including her surgeon's operative report and an MRI report finding degenerative changes in the shoulder, and the affirmed report of their orthopedic expert who found full range of motion and opined that any right shoulder injury had fully resolved postoperatively (see McArthur v Act Limo, Inc., 93 AD3d 567 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact. Although plaintiff submitted medical evidence of recent limitations and MRI findings of right shoulder injuries, she failed to show such injuries were caused by the 2008 accident. In conclud-

ing that the shoulder injuries were causally related to the accident, her experts did not address a December 2005 medical report, prepared in association with the 2004 accident, noting plaintiff's complaints of worsening right shoulder pain and finding of shoulder impingement (*see Zhijian Yang v Alston*, 73 AD3d 562, 563 [1st Dept 2010]). Nor has plaintiff submitted any evidence explaining the effect of such prior injuries on the injuries attributable to the subject 2008 accident (*see Mitrotti v Elia*, 91 AD3d 449 [1st Dept 2012]). While plaintiff's experts concluded that the accident was the competent cause of the superior labrum anterior position tear observed by plaintiff's surgeon during her shoulder surgery, they did not address the surgeon's opinion that such tear was degenerative in nature (*Williams v Horman*, 95 AD3d 650 [1st Dept 2012]; *compare Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Plaintiff also did not address a September 2009 MRI report concluding that abnormalities observed in the shoulder were degenerative in nature.

Dismissal of the 90/180-day claim was warranted in light of plaintiff's bill of particulars and deposition testimony wherein she alleged that she was confined to home for several days, and missed just four days of work after the accident (*see Cruz v Rivera*, 94 AD3d 576 [1st Dept 2012]).

The court properly denied leave to renew since plaintiff's new evidence of contemporaneous limitations did not address the causation issue, and thus would be insufficient to defeat summary judgment. Concur—Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.