*539 Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered August 1, 2012, which denied the motion of defendants Baldwin A. Almanzar and NYLL Management, Ltd. for summary judgment dismissing the claims of plaintiff Gwendolyn Vasquez as against them on the ground that she did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted, and, upon a search of the record, summary judgment granted to defendant Boamah. The Clerk is directed to enter judgment accordingly.
Defendants Almanzar and NYLL Management met their prima facie burden of showing that Vasquez did not suffer a serious injury. With respect to the alleged lumbar spine injury, defendants submitted, inter alia, the affirmed report of a radiologist who opined that the MRI of Vasquez revealed no evidence of recent traumatic injury causally related to the accident, and that the changes shown in the MRI were degenerative and due to a preexisting condition (see Phillips v Tolnep Limo Inc., 99 AD3d 534 [1st Dept 2012]; Williams v Horman, 95 AD3d 650 [1st Dept 2012]).
In opposition, Vasquez failed to raise a triable issue. She submitted, inter alia, an unaffirmed MRI report, which included findings of “likely” degenerative changes in the lumbar spine, and her physicians failed to address those findings, thus supporting the conclusion that she had a preexisting condition (see Lazu v Harlem Group, Inc., 89 AD3d 435 [1st Dept 2011]).
Regarding the alleged left knee injuries, defendants established their entitlement to judgment as a matter of law by submitting the affirmed report of their orthopedist, who examined Vasquez and found full range of motion, no significant abnormalities, and a preexisting condition. In opposition, Vasquez failed to raise a triable issue of fact as to the existence of a serious injury under the “permanent consequential limitation of use of a body organ or member” category, as she did not submit objective evidence of permanent limitations based on a recent examination of her left knee (see Zambrana v Timothy, 95 AD3d 422, 422 [1st Dept 2012]). Moreover, the medical reports submitted by Vasquez showed that her surgeon found that she had full range of motion in her knee six weeks after her surgery.
However, “a significant limitation [of use of a body function or system] need not be permanent in order to constitute a serious injury” (Estrella v GEICO Ins. Co., 102 AD3d 730, 731 [2d Dept 2013] [internal quotation marks omitted]; see Partlow v Meehan, 155 AD2d 647, 647 [2d Dept 1989]). Indeed, a “ ‘per *540 manent consequential limitation’ requires a greater degree of proof than a ‘significant limitation’, as only the former requires proof of permanency” (Altman v Gassman, 202 AD2d 265, 265 [1st Dept 1994]; see Oberly v Bangs Ambulance, 271 AD2d 135, 137 [3d Dept 2000], affd on other grounds 96 NY2d 295 [2001]). “Insurance Law § 5102 (d) does not expressly set forth any temporal requirement,” although assessment of the limitation’s significance does require consideration of its duration in addition to its extent and degree (see Estrella, 102 AD3d at 731-732; Griffiths v Munoz, 98 AD3d 997, 998 [2d Dept 2012]; Partlow, 155 AD2d at 648; Jones v United States, 408 F Supp 2d 107, 120 [ED NY 2006]). Therefore, the lack of a recent examination, while sometimes relevant, is not dispositive by itself in determining whether a plaintiff has raised a triable issue of fact in opposing a defendant’s prima facie evidence under the “significant limitation” category.
Our decision in Townes v Harlem Group, Inc. (82 AD3d 583, 583-584 [1st Dept 2011]) should not be read to require a plaintiff to submit a recent examination as a necessary prerequisite to overcoming judgment as a matter of law in every instance of a claim under the “significant limitation” category. To the extent that the Townes Court did require a recent examination, it was due to the specific facts present in that case. Furthermore, the precedents that decision relied upon in requiring a recent examination do not specifically address the degree of proof, necessary for a “significant limitation” claim as opposed to a “permanent consequential limitation” claim, instead conflating these two categories of serious injury (see Antonio v Gear Trans Corp., 65 AD3d 869, 870 [1st Dept 2009] [determining that plaintiffs failed to raise a triable issue of fact on “a significant or permanent consequential limitation”]; Thompson v Abbasi, 15 AD3d 95, 97 [1st Dept 2005] [referring only to “serious injury”]).
Here, the reports submitted by Vasquez failed to refute the finding of defendants’ expert that the condition identified in Vasquez’s knee was preexisting and not causally related to the accident. Therefore, Vasquez failed to raise a triable issue of fact under either the “permanent consequential limitation” or “significant limitation” category.
Dismissal of the 90/180-day claim is warranted in light of Vasquez’s bill of particulars wherein she alleged that she was confined to home for approximately one week following her left knee surgery and that she could not perform her household duties for one week after the accident. She denied being confined to bed and made no claim for lost earnings since she was unemployed at the time of the accident (see Phillips, 99 AD3d *541 at 535; Mitrotti v Elia, 91 AD3d 449, 450 [1st Dept 2012]). Vasquez’s assertions that her ability to do everyday activities had been significantly limited was insufficient to raise a triable issue of fact without objective medical evidence to substantiate her claims (see Colon v Bernabe, 65 AD3d 969, 970-971 [1st Dept 2009]).
Since Vasquez is unable to meet the serious injury threshold, dismissal of her claims as against nonmoving defendant Boamah is also warranted (see e.g. Britton v Villa Auto Corp., 89 AD3d 556 [1st Dept 2011]). Concur — Tom, J.P., Acosta, Saxe, Freedman and Feinman, JJ.