■ RAY NELSON, Appellant, v TAMARA TAXI INC. et al., Respondents. [978 NYS2d 36]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 20, 2012, which granted defendants' motion for summary judgment dismissing the complaint based on the

failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff Ray Nelson alleges that he sustained serious injuries when the front of his vehicle was struck by a taxicab owned by defendant Tamara Taxi Inc. and operated by defendant Ahmed M. Ahmed, while Ahmed was making a left turn at the intersection of West 82nd Street and Central Park West. The impact of the collision was substantial enough to cause the cab's front end to be pushed in, and damage to plaintiff's car, including a broken axle, sufficient for the insurance company to assess it as a total loss. Plaintiff asserts that the collision caused him to sustain serious injury to his spine, left shoulder, and left knee.

Defendants failed to establish the absence of serious injury entitling them to summary judgment dismissing the complaint.

Although plaintiff's shoulder injury was his second injury of a similar type, he properly asserted it under an aggravation or exacerbation theory, and, moreover, made a showing that the prior injury was less severe and that it had fully resolved before the accident (*see Henry v Peguero*, 72 AD3d 600, 608 [1st Dept 2010], *appeal dismissed* 15 NY3d 820 [2010]). His physician concluded that the aggravation of the shoulder injuries was caused by the accident. While treatment for this shoulder injury was begun solely with physical therapy, his physician thereafter determined that arthroscopic surgery was necessary, and performed a subacromial decompression, extensive bursectomy and acromioplasty, continuing with physical therapy thereafter until the termination of plaintiff's no-fault benefits. Despite the assertion of defendants' expert that the surgery was a minor procedure that does not reflect a permanent orthopedic impairment, it has been found that this type of injury, warranting this type of surgery, may constitute serious injury (*see Morris v Cisse*, 58 AD3d 455, 456 [1st Dept 2009]). Moreover, three years post-surgery, plaintiff continued to experience pain and restrictions in his range of motion and his ability to lift and carry.

As to the claimed injury to plaintiff's spine, plaintiff's expert reported that an MRI revealed bulging discs at C4-5 and L4-5, and a herniated disc at L5-S1, that were causally related to the accident, and substantial reductions in his range of motion. The permanence of the injury is supported by defendants' own expert's report after his examination of plaintiff, in which he observed a 60°/90° restriction in plaintiff's lumbar spine flexion. This reduction in range of motion may constitute objective evidence of serious injury (*Adetunji v U-Haul Co. of Wis.*, 250 AD2d 483 [1st Dept 1998]).

The swelling, tenderness and restriction in range of motion of plaintiff's left knee was substantiated by an MRI that plaintiff's expert interpreted as indicating a probable tear of the posterior horn of the medial meniscus; in a follow-up examination three years later, plaintiff's physician observed the continued presence of pain and restriction in the knee, and recommended arthroscopic surgery. The assertion by defendant's expert that in the MRI the menisci "appear" intact is insufficient to invalidate the reading of the MRI by plaintiff's expert.

As to defendant's claim that cessation of treatment established an absence of permanent injury, plaintiff testified that he continued to obtain the prescribed treatment and therapy for his injuries until the termination of his no-fault benefits, and that he could not afford to pay for continued care. This testimony explains the cessation of treatment and precludes reliance on the lack of continued treatment to establish an absence of permanent injury (*Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905 [2013]). Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.