*403 On June 8, 2008, plaintiff was injured while riding in a car that collided with a Metropolitan Transit Authority bus in the Bronx. In November 2008, she commenced this action claiming, among other things, that the accident caused “serious injury,” within the meaning of Insurance Law § 5102 (d), to her right shoulder and cervical spine.
After plaintiff was granted summary judgment as to liability, a trial on damages commenced, in November 2011. The jury found that the accident caused “a significant limitation of use of a body function or system” and “a permanent consequential limitation of use of a body organ or member,” two definitions of “serious injury” under the statute. Plaintiff was awarded damages in the amount of $500,000 for past pain and suffering, $1,500,000 for future pain and suffering, and $500,000 for future medical expenses. Defendants moved for an order setting aside the verdict as against the weight of the evidence or, in the alternative, reducing the damages award to an amount commensurate with plaintiffs injuries. The court denied the motion in a March 2012 order from which defendants now appeal.
Defendants contend that plaintiff failed to establish that she sustained a “serious injury” under Insurance Law § 5102 (d) to either her shoulder or her spine. With respect to the shoulder, we agree that the medical evidence at trial failed to establish that the accident caused a “permanent consequential limitation of use” because plaintiff failed to submit objective evidence of permanent limitations based on a recent examination (see Vasquez v Almanzar, 107 AD3d 538 [1st Dept 2013]).
However, plaintiff established through quantitative assessments that, for a significant period, the accident seriously limited her use of her right shoulder by causing tendinitis, ongoing nerve impingement, and pain. As proof of significant limitation, plaintiff presented corroborative MRI results. After the accident, plaintiff received regular physical therapy and treatment by a number of orthopedists, and in November 2009 underwent arthroscopic surgery for her shoulder injury, during which an anterior spur was detected. Other medical records indicated that range of motion in the shoulder was limited. The trial court charged, without objection, that in order for there to be a “significant limitation” under Insurance Law § 5102 (d), “[i]t is not necessary ... to find that there has been a total loss of the body function or system or that the limitation [of] use is permanent” (PJI 2:88F; see also Vasquez, 107 AD3d at 539).
Defendants point out that, shortly after the operation, plaintiff stopped therapy for her shoulder until October 2011. However, she sufficiently explained the gap in treatment by *404 testifying that her medical insurance did not cover physical therapy and that she could not afford to pay for it out of pocket (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905 [2013]).
While the other injuries of which plaintiff complained did not constitute “serious injury” under Insurance Law § 5102 (d), the jury, having determined that plaintiff suffered a serious injury to her right shoulder, was permitted to award damages for all injuries caused by her accident (see Rubin v SMS Taxi Corp., 71 AD3d 548 [1st Dept 2010]).
However, the jury’s award for future pain and suffering is unsupported by the evidence adduced at trial. It is notable that, l1!2 years after the surgery on plaintiffs shoulder, she returned to the operating surgeon seeking treatment of unrelated injuries, and did not report any problems with her shoulder. Moreover, as indicated, plaintiffs records do not indicate any objective signs of limitation resulting from her herniated disc before she was examined by her own expert, on the eve of trial and about SVz years after the accident.
Finally, plaintiffs future medical expenses are too speculative to be compensable. Her expert expressed no opinion as to whether additional surgery or significant treatment was medically necessary or even likely, and the only treatment following the shoulder surgery in November 2009 was some physical therapy the same month, an epidural injection about two years later, and two further injections that plaintiff claims she had scheduled for after the trial. Concur — Friedman, J.E, Andrias, DeGrasse and Freedman, JJ.
Acosta, J., dissents in part in a memorandum as follows: I disagree with the majority’s conclusion that plaintiff is not entitled to an award for future pain and suffering as well as future medical expenses (see Gallagher v Samples, 6 AD3d 659 [2d Dept 2004]; see also Vasquez v Almanzar, 107 AD3d 538, 539 [1st Dept 2013]). With respect to future medical expenses, plaintiffs medical expert’s testimony, which the jury obviously credited, indicated that plaintiff should see an orthopedic surgeon four to six times a year at approximately $150 a visit. Assuming for the sake of argument that she is seen by the surgeon only five times a year, her yearly cost is $750. In addition, there was testimony that she should see a physiatrist 12 times a year for medicine prescription refills, physical therapy prescription refills, and trigger-point injections, at a cost of $150 per visit. The injections were an additional $107.65 per set. This comes to $1,800 for the office visits, plus an additional $1,291.80 for the shots, for a total of $3,091.80 per year. Forty sessions of physical *405 therapy were recommended on a yearly basis. Using the actual cost of $64.65 per session that plaintiff was charged, this expense totals $2,586 per year. There was also testimony credited by the jury that plaintiff needed MRIs and EMGs every two to three years at $2,000 per procedure. This comes to an average of $1,333 a year, assuming she has these procedures performed every three years. Using these figures, her yearly total for medical expenses will be approximately $7,844 a year. Over a period of 50 years, this figure balloons to $388,040 without taking into consideration rising medical costs. Thus, the jury award for $500,000 is reasonable.
Moreover, since future medical expenses may include expenses for any injury caused by the accident (Rubin v SMS Taxi Corp., 71 AD3d 548 [1st Dept 2010]), I think it is best for our system of justice to allow the jury to make the determination as to what each case is worth. We should reduce a jury’s damages award only in that rare case where the award deviates materially from what would be reasonable compensation (see Harvey v Mazal Am. Partners, 79 NY2d 218, 225 [1992]). It appears to me that, rather than reviewing for material deviations, this Court is moving in the direction of simply substituting its judgment for that of juries, and in the process making jury determinations on damages meaningless and a waste of judicial resources.
For the same reason, I disagree with the majority’s conclusion that plaintiff is not entitled to any damages for future pain and suffering. I would, however, reduce the award to $500,000, which is within the range of what plaintiff requested during summations, since, in my opinion, an award of $1,500,000 deviates materially from what is reasonable compensation. Vacating the award altogether, however, is unjustifiable.