■ Yesenia Vargas, Appellant, v Moses Taxi, Inc., et al., Respondents. [986 NYS2d 84]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 20, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claim of serious injury to the left knee within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff raised an issue of fact in opposition to defendants' prima facie showing by submitting her treating orthopedic surgeon's affirmation that, while performing arthroscopic surgery, he observed and repaired tears to the medial and lateral meniscus, and that in his opinion those injuries were directly caused by the accident. The surgeon also found restricted and painful range of motion in the left knee before and after surgery, when compared to a normal knee and to the uninjured right knee (see Nelson v Tamara Taxi Inc., 112 AD3d 547 [1st Dept 2013]; Calcano v Rodriguez, 103 AD3d 490 [1st Dept 2013]; Garner v Tong, 27 AD3d 401 [1st Dept 2006]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ.

■ Laquana Conrad, Appellant, v Apolonia Alicea et al., Respondents. [985 NYS2d 412]—Appeal from order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 9, 2013, which, following a summary jury trial, denied plaintiff's motion to set aside the jury's verdict on the issue of damages and remand the action for a new trial, unanimously dismissed, without costs.

Plaintiff's motion seeking to set aside the jury verdict on the issue of damages as "inconsistent and in the interest of justice," pursuant to CPLR 4404 (a), in substance seeks to set aside the verdict as inadequate and/or against the weight of the evidence (see Hernandez v Columbus Ctr., LLC, 50 AD3d 597 [1st Dept 2008]), and is thus precluded by the summary jury trial rules stipulated to by the parties. In consenting to the rules of this alternative dispute resolution forum, plaintiff specifically agreed to waive motions to set aside the verdict or judgment rendered by the jury, and waived any appeals, in order to quickly resolve the instant dispute. We therefore dismiss the appeal.

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ.