■ KYLE SUTLIFF, Appellant, v GHULAM QADAR et al., Respondents. [996 NYS2d 260]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 10, 2013, upon renewal, which, to the extent appealed from as limited by the briefs, adhered to the original determination granting defendants' motions for summary judgment dismissing the complaint for failure to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the branches of the motions seeking dismissal of plaintiff's claims alleging a "significant" limitation of use of the left shoulder and a 90/180-day injury, and otherwise affirmed, without costs.

Defendants made a prima facie showing of a lack of a "permanent consequential" or "significant" limitation of use of the left shoulder by submitting their orthopedist's report finding full range of motion in the shoulder and negative clinical test results, and their radiologist's MRI report finding a normal shoulder (see Clementson v Price, 107 AD3d 533, 533 [1st Dept 2013]). The orthopedist's report also showed a lack of causation, as it opined that any significant symptoms were due to a left shoulder injury that preexisted the subject accident (see Williams v Horman, 95 AD3d 650, 650 [1st Dept 2012]). To the extent plaintiff argues that the orthopedist found a causally related injury, the orthopedist opined that the causally related injury amounted to only a minor contusion and, based on his review of plaintiff's medical records, attributed the more serious symptoms to the preexisting injury (see Bravo v Martinez, 105 AD3d 458, 458 [1st Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact as to the existence of a "permanent consequential" limitation of use of the left shoulder. The September 2011 report of his treating physician, which was submitted on renewal, failed to reconcile the physician's findings of only a minor limitation in June 2010 (see Nicholas v Cablevision Sys. Corp., 116 AD3d 567, 568 [1st Dept 2014]). Moreover, plaintiff offered no explanation for his having ceased treatment from June 2010 until September 2011 (see Pommells v Perez, 4 NY3d 566, 574 [2005]).

However, plaintiff did submit sufficient evidence to raise an issue of fact as to whether the subject accident aggravated his prior left shoulder injury, resulting in "significant" limitations in use. The affirmed reports of plaintiff's treating physician found substantial limitations and positive clinical tests results in January 2010, a month after the accident, and plaintiff underwent shoulder surgery in February 2010 (see Thomas v NYLL Mgt. Ltd., 110 AD3d 613, 614 [1st Dept 2013]; cf. Vasquez

*v Almanzar*, 107 AD3d 538, 539-540 [1st Dept 2013]). The treating physician also noted that plaintiff's prior shoulder injury improved with therapy, and opined that the subject accident caused significant injuries to the left shoulder. This evidence, as well as evidence that plaintiff returned to work full time over a year prior to the subject accident, raises a triable issue of fact as to whether this accident caused an aggravation or exacerbation of the prior injury (*see Nelson v Tamara Taxi Inc.*, 112 AD3d 547, 548 [1st Dept 2013]). Further, plaintiff submitted an MRI report performed after the accident, and an operative report of his orthopedic surgeon, which provide objective proof of a preexisting partial tear that may have been aggravated by the subject accident, and of a new symptom following this accident (*see Paulino v Rodriguez*, 91 AD3d 559, 559 [1st Dept 2012]). Though unaffirmed, these medical reports can be considered together with plaintiff's affirmed medical evidence, since they were presented by defendants' expert, and considered in reaching his conclusion (*see Boateng v Ye Yiyan*, 119 AD3d 424, 425 [1st Dept 2014]).

Defendants made a prima facie showing of their entitlement to judgment on plaintiff's 90/180-day claim, by submitting evidence that any shoulder injury was not causally related to the accident (*see Henchy v VAS Express Corp.*, 115 AD3d 478, 480 [1st Dept 2014]). As noted above, in opposition, plaintiff raised an issue of fact as to causation. In addition, plaintiff submitted sufficient evidence to raise an issue of fact as to the existence of a 90/180-day injury. In particular, plaintiff testified that he missed at least four months of work after the accident, and that he was unable to perform his other usual daily activities during that time, such as cooking, cleaning, shopping, and caring for his child. In addition, his affirmed medical reports reflect that plaintiff was not medically cleared to return to work until six months after the accident and four months after he underwent surgery on the left shoulder (*see Swift v New York Tr. Auth.*, 115 AD3d 507, 508-509 [1st Dept 2014]; *Lopez v Abayev Tr. Corp.*, 104 AD3d 473, 473 [1st Dept 2013]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ. **[Prior Case History: 2013 NY Slip Op 32419(U).]**