■ EARL HOLMES, Respondent, v BRINI TRANSIT INC. et al., Defendants, and GLASS CASTLE OF FLEMINGTON, INC., et al., Appellants. [1 NYS3d 27]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 7, 2013, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them for failure to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously modified, on the law, to dismiss the claim alleging injuries under the permanent consequential limitation of use category, and otherwise affirmed, without costs.

On June 8, 2009, plaintiff Earl Holmes allegedly sustained injuries to both knees when the car he was driving was rear-ended by appellants' vehicle. He had arthroscopic surgery in September 2009 on the right knee, and in December 2009 on the left knee.

Defendants established prima facie that plaintiff did not sustain a significant or permanent injury to his knees by submitting their orthopedist's report finding normal range of motion and absence of residuals upon examination in 2010 (*see Batista v Porro*, 110 AD3d 609 [1st Dept 2013]; *Zambrana v Timothy*, 95 AD3d 422 [1st Dept 2012]). Defendants' orthopedist also opined that the tears found in both knees during surgery were preexisting degenerative conditions. Defendants also demonstrated lack of causation through evidence that plaintiff had previous surgery to his right knee following a prior accident, a radiologist's opinion that a tear in the left knee was preexisting, and the affidavit of a biomechanical engineer opining that plaintiff could not have sustained such injuries in the subject accident, which involved minor damage to the vehicles (*see Thomas v NYLL Mgt. Ltd.*, 110 AD3d 613 [1st Dept 2013]; *Anderson v Persell*, 272 AD2d 733, 734-735 [3d Dept 2000]).

In opposition, plaintiff raised triable issues of fact as to whether he sustained a "significant limitation" in both knees as a result of the accident by submitting the affirmation of his orthopedic surgeon, who measured limitations in range of mo-

tion during the six months following the 2009 accident, and opined that the trauma caused damage to both knees that required surgery. He sufficiently addressed plaintiff's prior right knee injury by opining that the 2009 accident caused additional damage to the internal aspect of that knee (*see Fuentes v Sanchez*, 91 AD3d 418, 420 [1st Dept 2012]), and his description of the left knee injuries sustained in 2009 differs from that identified in the prior records, thus raising an issue of fact as to causation.

Although plaintiff's orthopedist also found limitations during a July 2013 examination, plaintiff failed to adequately address his complete cessation of all treatment after the December 2009 surgery, which interrupts the chain of causation and renders the finding of permanency speculative (*see Merrick v Lopez-Garcia*, 100 AD3d 456, 456-457 [1st Dept 2012]; *see generally Pommells v Perez*, 4 NY3d 566, 572, 574 [2005]). While plaintiff testified that he stopped treatment because his no-fault benefits ended, he failed to explain why he could not continue treatment through his other health insurance (*see Windham v New York City Tr. Auth.*, 115 AD3d 597, 599 [1st Dept 2014]). Plaintiff's failure to raise an issue as to permanency of his knee injuries following surgery to correct the damage allegedly caused by the 2009 accident, does not preclude recovery under the "significant limitation of use" category (*Vasquez v Almanzar*, 107 AD3d 538, 539-540 [1st Dept 2013]; *see Thomas v NYLL Mgt. Ltd.*, 110 AD3d 613, 614 [2013]).

Defendants were entitled to dismissal of the 90/180-day injury claim, as plaintiff's testimony and bill of particulars show that he was not disabled for the minimum statutory period necessary to support such a claim (*see Abreu v NYLL Mgt. Ltd.*, 107 AD3d 512, 513 [1st Dept 2013]). Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.