■ BERNICE DINGLE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and TOMAS R. REYES, Appellant. [31 NYS3d 497]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered September 26, 2014, which, to the extent appealed from, denied defendant Tomas R. Reyes's motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion as to plaintiff's claims of permanent consequential and significant limitation of use of the lumbar spine and left knee, and the 90/180-day claim, and otherwise affirmed, without costs.

Defendant met his prima facie burden by submitting the affirmations of a radiologist who found that the MRIs of the claimed injured body parts showed degenerative changes unrelated to the accident, and of an orthopedist who found full ranges of motion in all planes as to each claimed body part (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 352-353 [2002]). In opposition, plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her right knee through the affirmed report of her treating surgeon, who set forth limitations in right knee range of motion found on recent examination, and opined that plaintiff's right knee injuries, including a torn medial meniscus and a partial tear of the ACL, observed by him during arthroscopic surgery, were caused by the accident (*see Vargas v Moses Taxi, Inc.*, 117 AD3d 560 [1st Dept 2014]).

Plaintiff failed to raise an issue of fact with respect to her claims of serious injury to her left knee and lumbar spine, since she submitted no evidence that any injuries to those parts resulted in any significant or permanent limitation in use (*see Valdez v Benjamin*, 101 AD3d 622, 623 [1st Dept 2012]).

However, if the trier of fact determines that plaintiff sustained a serious injury to her right knee, she can recover for any other injuries shown to be causally related to the accident, even those that do not meet the serious injury threshold (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

Plaintiff's deposition testimony that she missed less than 90 days of work in the 180 days immediately following the accident and otherwise worked "light duty" refutes her 90/180-day claim (*see Tsamos v Diaz*, 81 AD3d 546, 547 [1st Dept 2011]). Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.