■ Sebastian Shapiro et al., Appellants, v Spain Taxi, Inc., et al., Respondents. [44 NYS3d 408]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 6, 2015, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Defendants established prima facie that plaintiff Sebastian Shapiro (Mr. Shapiro) did not sustain a serious injury to his left shoulder by submitting the affirmed report of an orthopedist who found normal range of motion, negative test results, and a resolved "[a]cute and chronic" dislocation. Defendants also submitted portions of Mr. Shapiro's medical records showing that he had a history of shoulder dislocations, the last occurring 10 years before the accident, and their expert opined that his shoulder surgery was related to this history, not to the accident (see Sutliff v Qadar, 122 AD3d 452 [1st Dept 2014]; Kone v Rodriguez, 107 AD3d 537 [1st Dept 2013]).

In opposition, plaintiffs submitted an affirmed expert report, as well as an unaffirmed MRI report and unaffirmed reports of Mr. Shapiro's orthopedic surgeon, which plaintiffs were entitled to rely on because defendants' expert specifically referenced and relied on them in reaching his opinion (see Francis v Nelson, 140 AD3d 467 [1st Dept 2016]). These records, together with the affirmed report, demonstrate that Mr. Shapiro sustained a re-dislocation of his shoulder, as well as a separation of the acromioclavicular (AC) joint with complete rupture of the coracoclavicular ligaments. Plaintiffs' expert provided evidence of continuing, significant limitations in range of motion, and opined that the injuries were causally related to the accident. He adequately addressed Mr. Shapiro's acknowledged history of shoulder dislocation, and opined that the accident

had caused the re-dislocation of the shoulder, as well as the additional AC joint separation and ruptured ligaments, which required surgical repair. Thus, plaintiffs raised an issue of fact as to causation (*see Sutliff,* 122 AD3d at 453-454; *compare Alvarez v NYLL Mgt. Ltd.,* 120 AD3d 1043, 1044 [1st Dept 2014] [plaintiff's expert failed to address or contest defendants' experts' findings of preexisting degenerative conditions acknowledged in plaintiff's radiologists' reports], *affd* 24 NY3d 1191 [2015]). As plaintiffs note, defendants' expert described the dislocation as "[a]cute" and did not address the medical evidence that Mr. Shapiro also suffered a separated AC joint and ruptured ligaments following the subject accident. Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.