Rosa v Delacruz (2018 NY Slip Op 01263)





Rosa v Delacruz


2018 NY Slip Op 01263


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5799 308543/12

[*1]Agripino Polanco Rosa, Plaintiff-Appellant, Kathy Acevedo, Plaintiff,
v
Rafael Delacruz, et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Richard T. Lau & Associates, Jericho (Kathleen E. Fioretti of counsel), for Rafael Delacruz, respondent.
Russo & Tambasco, Melville (Susan J. Mitola of counsel), for Devone Harp, respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered October 25, 2016, which, inter alia, granted defendants' motions for summary judgment dismissing plaintiff Agripino Polanco Rosa's complaint based on his failure to demonstrate that he suffered a serious injury to his left shoulder within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established that plaintiff's alleged left shoulder injuries were not causally related to the subject accident by submitting the MRI report of plaintiff's radiologist, who found multiple degenerative cysts, and no torn tendons, in the MRI of plaintiff's left shoulder performed shortly after the accident (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Defendants also submitted the affirmed reports of two orthopedists who found normal range of motion in the left shoulder, both shortly after the accident and two years later, after plaintiff underwent left shoulder arthroscopic surgery.
In opposition, plaintiff failed to raise an issue of fact as to whether his alleged shoulder injuries were causally related to the accident. Plaintiff submitted a report of his radiologist, who affirmed that his MRI findings were true, and of his orthopedic surgeon, who opined that tears found during surgery were causally related to the accident. However, neither the radiologist nor the orthopedic surgeon addressed the findings of degeneration in the radiologist's MRI report, or explained why the tears and physical deficits found by the orthopedic surgeon were not caused by the preexisting degenerative conditions (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Marcellus v Forvarp, 101 AD3d 482 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK