Blake v Cadet (2019 NY Slip Op 06720)





Blake v Cadet


2019 NY Slip Op 06720


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9883 303251/15

[*1]Lamar Blake, Plaintiff-Appellant,
v
Pierre Cadet, et al., Defendants-Respondents, NY Kind Taxi Corp., et al., Defendants.


Mirman, Markovitz & Landau, P.C., New York (David Weissman of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about July 25, 2018, which granted defendants Pierre Cadet and K. Khan, M.D.'s (defendants) motion to vacate a prior order denying their motion for summary judgment dismissing the complaint for failure to meet the serious injury threshold of Insurance Law § 5102(d), and, upon vacatur, to grant the motion for summary judgment, unanimously modified, on the law, to deny the motion for summary judgment as to the claim of significant limitation of use of the lumbar spine, and otherwise affirmed, without costs.
The court providently exercised its discretion in treating the motion to vacate as one for renewal and granting it, since defendants demonstrated that their failure to include their codefendants' answer in support of the initial motion was inadvertent and excusable (see CPLR 2221[e][2], [3]; Hernandez v Marcano, 161 AD3d 676, 677 [1st Dept 2018]).
Defendants established prima facie that plaintiff did not sustain any significant or permanent injury to his cervical spine or left shoulder and that his claimed lumbar spine injury was not causally related to the accident but was degenerative in nature (see e.g. Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]). Defendants also identified a two-year gap or cessation in plaintiff's medical treatment after he underwent a lumbar discectomy procedure (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
Plaintiff failed to raise a triable issue of fact as to his cervical spine and left shoulder claims, since he submitted neither objective evidence of injury to either body part nor evidence of recent limitations in range of motion in his left shoulder (see Vasquez v Almanzar, 107 AD3d 538 [1st Dept 2013]).
However, plaintiff raised an issue of fact as to causation with respect to his lumbar spine injuries through affirmations of his treating physicians, who opined that those injuries were traumatic in origin and causally related to the subject accident (see Fathi v Sodhi, 146 AD3d 445 [1st Dept 2017]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). This evidence was sufficient to raise an issue of fact, given plaintiff's relatively young age and the absence of any evidence in his own medical records of prior injuries or of degeneration (see Sanchez v Oxcin, 157 AD3d 561, 563 [1st Dept 2018]). As plaintiff failed to explain the cessation of his treatment about 10 months after the accident, he did not raise an issue of fact as to his claim of "permanent consequential" injury (see Holmes v Brini Tr. Inc., 123 AD3d 628, 628-629 [1st Dept 2014]). However, his medical evidence is sufficient to raise an issue of fact as to whether he sustained an injury involving "significant limitation of use" of his lumbar spine as a result of the subject accident (see id.; see also Vasquez, 107 AD3d at 539 ["a significant limitation
. . . need not be permanent in order to constitute a serious injury"] [internal quotation marks omitted]). If a jury determines that plaintiff has met the threshold for serious injury, it may [*2]award damages for any injuries causally related to the accident, including those that do not meet the threshold (Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
Defendants established prima facie that plaintiff did not sustain a 90/180-day injury, through plaintiff's deposition testimony that he worked for several days during the months following the accident and that he was not advised by any of his
treating medical providers to refrain from returning to work (see Pouchie, 173 AD3d at 645; Echevarria v Ocasio, 135 AD3d 661 [1st Dept 2016]). Plaintiff failed to raise a triable issue of fact in opposition (see Pouchie, 173 AD3d at 645; Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK