Arias v Martinez (2019 NY Slip Op 07531)





Arias v Martinez


2019 NY Slip Op 07531


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10144 302530/14

[*1] Yefri Arias, Plaintiff-Appellant,
v
Alexander Martinez, et al., Defendants-Respondents.


Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville (Michael E. Bergman of counsel), for appellant.
Law Offices of Moira Doherty, P.C., Bethpage (Charles R. Gueli of counsel), for Alexander Martinez, respondent.
Robert D. Grace, Brooklyn, for DTG Enterprise Inc. and Luis A. Marcial, respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about September 25, 2018, which granted defendants' motion and cross motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motions as to plaintiff's claim of significant limitation of use of the lumbar spine, and otherwise affirmed, without costs.
Plaintiff alleges that he sustained serious injuries to his lumbar spine and right knee as the result of a motor vehicle accident. Defendants established prima facie that plaintiff did not suffer either a permanent consequential limitation of use or a significant limitation of use of either claimed body part through the affirmed reports of their expert radiologist, who opined that the MRIs of those body parts showed no evidence of injury (see Pastora L. v Diallo, 167 AD3d 424, 424 [1st Dept 2018]; Hernandez v Marcano, 161 AD3d 676, 677 [1st Dept 2018]), and their emergency medicine physician, who opined that plaintiff's emergency room records were inconsistent with his claimed traumatic injuries (see Hayes v Gaceur, 162 AD3d 437, 438 [1st Dept 2018]; Moore-Brown v Sofi Hacking Corp., 151 AD3d 567, 567 [1st Dept 2017]). Defendants also demonstrated that plaintiff effectively ceased all treatment for his claimed injuries following a discectomy several months after the accident, which shifted the burden to plaintiff to provide a reasonable explanation (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Jackson v Doe, 173 AD3d 505, 506 [1st Dept 2019]).
In opposition, plaintiff failed to raise a triable issue of fact as to his claimed right knee injury since he submitted no admissible medical evidence concerning that body part (see Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]). As to his claimed lumbar spine injury, plaintiff offered no explanation for his cessation of treatment after undergoing surgery on his lumbar spine, which interrupts the chain of causation and renders his treating physician's finding of permanency speculative (see Holmes v Brini Tr. Inc., 123 AD3d 628, 628-629 [1st Dept 2014]; see also Jackson, 173 AD3d at 506; Alverio v Martinez, 160 AD3d 454 [1st Dept 2018]).
However, plaintiff raised a triable issue of fact as to whether he suffered a "significant limitation" of use of the lumbar spine through the affirmation of his treating physician, who documented limitations in range of motion at an examination after the accident, opined that plaintiff's MRIs showed disc bulges and a herniation for which surgery was indicated, and causally related the conditions to the accident (see Hayes, 162 AD3d at 438; Holmes v Brini Tr. Inc., 123 AD3d at 628-629; Paulling v City Car & Limousine Servs., Inc., 155 AD3d 481, 481 [1st Dept 2017]; Mejia v Ramos, 124 AD3d 449, 450 [1st Dept 2015]; see generally Vasquez v Almanzar, 107 AD3d 538, 539 [1st Dept 2013] ["a significant limitation . . . need not be permanent in order to constitute a serious injury"]).
Should a jury determine that plaintiff has met the threshold for serious injury, it may award damages for any other "injuries causally related to the accident, even those not meeting the serious injury threshold" (Pouchie, 173 AD3d at 645; see Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
Finally, defendants established their prima facie entitlement to dismissal of plaintiff's 90/180-day claim through the submission of plaintiff's deposition testimony, in which he testified that he missed only one week of work following the accident (see Pouchie, 173 AD3d at 645). In opposition, plaintiff did not submit any evidence sufficient to raise an issue of fact (see id.; Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK