Smith v Green (2020 NY Slip Op 06408)





Smith v Green


2020 NY Slip Op 06408


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 301828/16 Appeal No. 12298 Case No. 2019-4243 

[*1]Kadian Smith, Plaintiff-Appellant,
v
Heather Green, Defendant-Respondent.


Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia (Shawn P. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about April 17, 2019, which, inter alia, granted defendant's motion for summary judgment dismissing plaintiff's claims of "permanent consequential" and "significant limitation of use" of his left knee and left shoulder, "permanent consequential" limitation of use of his cervical and lumbar spine, and 90/180-day injury under Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion as to plaintiff's claim of "significant limitation of use" of his left shoulder and otherwise affirmed, without costs.
Defendants demonstrated prima facie through their expert's affirmed reports that plaintiff's claimed injuries to his knee, shoulder and spine had resolved without significant or permanent consequential limitations, and that his left shoulder injuries were degenerative in nature.
In opposition, plaintiff raised a triable issue of fact with respect to his claim of significant limitation of use to his left shoulder, as his medical records show that he sought treatment for left shoulder pain contemporaneously with the accident. He also demonstrated limitations in range of motion on physical examination, which continued until his doctor performed arthroscopic surgery to repair tears shown on MRIs, and his doctor opined that the conditions observed during surgery were not degenerative (seeBonilla v Vargas-Nunez, 147 AD3d 461 [1st Dept 2017]; Pinzon v Gonzalez, 93 AD3d 615 [1st Dept 2012]). This evidence was sufficient to raise an issue of fact as to plaintiff's claim of "significant limitation of use" in his left shoulder (see Holmes v Brini Tr. Inc., 123 AD3d 628, 629 [1st Dept 2014]). However, the physician's findings of substantial improvement in plaintiff's left shoulder, with normal or near-normal range of motion post-operatively, preclude a finding of "permanent consequential" injury (see id.).
The court properly found that plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury to his left knee, since his medical records showed largely normal ranges of motion and a minimal course of treatment (see Cabrera v Apple Provisions, Inc., 151 AD3d 594, 596 [1st Dept 2017]; Rose v Tall, 149 AD3d 554 [1st Dept 2017]). His claims of "permanent consequential" limitations of use of his cervical and lumbar spine also fail because plaintiff provided no evidence of continuing limitations in or treatment of those parts beyond four months after the accident (see Arias v Martinez, 176 AD3d 548 [1st Dept 2019]; Tejada v LKQ Hunts Point Parts, 166 AD3d 436 [1st Dept 2018]).
Defendant properly relied on plaintiff's own testimony that he returned to work only three days after the accident and continued to work until the date of the deposition, thus defeating his 90/180-day claim (see Pakeman v Karekezia, 98 AD3d 840, 841 [1st Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020