Gomez v City Livery Leasing Brooklyn, Inc. (2025 NY Slip Op 04553)

Gomez v City Livery Leasing Brooklyn, Inc.

2025 NY Slip Op 04553

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-00554
 (Index No. 508352/20)

[*1]Javier Valle Gomez, appellant, 
v
City Livery Leasing Brooklyn, Inc., et al., respondents.

Cherny & Podolsky, PLLC, Brooklyn, NY (Mari Milorava-Kelman of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated October 19, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated October 19, 2023, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his right knee under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). Contrary to the defendants' contention, Insurance Law § 5102(d) does not expressly set forth any temporal requirement for the significant limitation of use category, and a "significant limitation" need not be permanent in order to constitute a serious injury (see Strong v Sigman, 224 AD3d 932; Vasquez v Almanzar, 107 AD3d 538, 539-540; Estrella v GEICO Ins. Co., 102 AD3d 730, 731-732).
The defendants' remaining contentions either were improperly raised for the first time in their reply papers or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court