■ MEIHENG QU, Appellant, v JUSTINE A. DOSHNA et al., Respondents. [785 NYS2d 112]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated July 3, 2003, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, the motions are denied, and the complaint is reinstated.

The defendants failed to establish prima facie their entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler*, 79 NY2d 955 [1992]; *Junco v Ranzi*, 288 AD2d 440 [2001]). The affirmed medical reports of the defendants' examining physicians failed to set forth the objective tests that were performed to support their conclusory assertions of normality (*see Black v Robinson*, 305 AD2d 438, 439 [2003]; *Minlionica v Shahabi*, 296 AD2d 569, 570 [2002]; *Junco v Ranzi, supra*). Those physicians also did not compare their findings of the plaintiff's ranges of motion to the normal ranges of motion of the affected body parts (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Dufel v Green*, 84 NY2d 795, 798 [1995]). Thus, the sufficiency of the plaintiff's opposition papers need

not be considered (*see Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi, supra*). Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.