■ Augustine Velez et al., Appellants, v City of New York et al., Respondents. [806 NYS2d 490]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 16, 2004, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was diagnosed with cryptococcosis in October 1999. He claims to have contracted the infection at the City's Five Borough Technical Facility on Randall's Island, which he visited on a single occasion in connection with his job at the Central Park Conservancy. The notice of claim states that, upon arrival, plaintiff observed a large concentration of pigeons and noticed that both the vehicle storage compound, located underneath the Triborough Bridge, and the truck he was assigned to pick up "were covered with pigeon droppings, which are a principle [*sic*] means of transmission for the above noted infection." Plaintiff submitted the report of a medical examination conducted by his personal physician in October 1999, which describes a "[d]isseminated cryptococcal infection with lesion on the scalp . . . eroding into the bone" and concludes that "he was probably exposed to pigeon droppings, which are known to carry large amounts of cryptococcal neoformans."

Testimony given during an examination before trial by a city employee who worked at the Randall's Island site indicates that he neither observed nor was aware of any complaints concerning large numbers of pigeons or excessive droppings at the facility. Furthermore, plaintiff has provided no test results showing the presence of cryptococcal spores in bird droppings at the City's vehicle storage compound. He has merely supplied scientific and medical articles indicating that pigeons and certain other bird species are known to carry the organism, that it may be present in their droppings and in soil contaminated with droppings, that it becomes aerosolized when dry and that it enters the body through the lungs, causing infection primarily in immunocompromised persons.

Given the affinity of the pigeon for urban environments and the absence of any proof as to the source of plaintiff's infection, the conclusion that it was contracted at the City's facility amounts to rank speculation insufficient to defeat defendants' motion for summary judgment (*see Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234 AD2d 37, 38 [1996]). The

pigeon is a ubiquitous feature of the urban landscape. Large numbers can be observed in parks, on all manner of structures and on city streets, presenting the constant potential for human encounters not only with the birds but also with anhydrous particles of their droppings. We note that, at the time plaintiff alleges he became infected, he was responsible for overseeing maintenance work in Central Park. The record contains no basis upon which to conclude that a single visit to the City's facility was a more probable source of infection than routine occupational exposure to cryptococcal spores elsewhere.

In any event, the testimony of the City's employee establishes defendants' prima facie entitlement to summary judgment. Plaintiff's contrary evidence is insufficient to raise a question of material fact as to either the City's notice of excessive concentrations of pigeon droppings at its facility or its knowledge that the condition represented a hazard due to contamination with cryptococcal spores. Thus, the evidence does not warrant an inference that defendants had constructive knowledge of a hazardous condition for a sufficient period of time to enable them to discover and remedy it (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *see Chapman v Silber,* 97 NY2d 9, 21 [2001] [declining to impose liability based on general knowledge of danger of lead-based paint]). Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ. [*See* 4 Misc 3d 1014(A), 2004 NY Slip Op 50883(U) (2004).]