LYNN EDELSON et al., Appellants, v PLACEWAY CONSTRUCTION CORPORATION et al., Respondents. [823 NYS2d 481]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 24, 2005, as (a) granted the motion of the defendants Kent Iron Works, Inc., and Omar Molina for summary judgment dismissing the complaint insofar as asserted against them, (b) granted the separate motion of the defendants

Placeway Construction Corporation and County of Westchester for summary judgment dismissing the complaint insofar as asserted against them, and (c), in effect, searched the record and granted summary judgment dismissing the complaint insofar as asserted against the remaining defendant, B & B Iron Works, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The moving defendants established their prima facie entitlement to judgment as a matter of law on the issue of whether they caused the injuries of the plaintiff Lynn Edelson (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). A plaintiff alleging injuries from a toxic chemical exposure must provide objective evidence that the exposure caused the injury (*see Parker v Mobil Oil Corp.*, 16 AD3d 648, 653 [2005], *affd* 7 NY3d 434 [2006]). The plaintiffs' expert's affidavit merely asserted in conclusory fashion that Edelson's symptoms were the result of her exposure to the chemical Lustran. No objective tests were administered to diagnose or treat Edelson. Accordingly, as the opinions reached in the plaintiffs' expert affidavit were unsubstantiated and speculative, the plaintiffs failed to raise a triable issue of fact as to whether any of the defendants caused Edelson's alleged injuries (*see Romano v Stanley*, 90 NY2d 444, 451 [1997]; *Caton v Doug Urban Constr. Co.*, 65 NY2d 909, 911 [1985]; *Stanski v Ezersky*, 228 AD2d 311, 312 [1996]). Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.