█ YIHANEE PAYANO et al., Appellants, v HEMPSTEAD UNION FREE SCHOOL DISTRICT, Respondent, et al., Defendant. [863 NYS2d 61]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 16, 2007, which granted the motion of the defendant Hempstead Union Free School District for summary judgment dismissing the complaint insofar as asserted against it, and (2) from a judgment of the same court dated March 16, 2007, which, upon the order, is in favor of the defendant Hempstead Union Free School District and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In October 2003, the injured plaintiff (hereinafter the plaintiff), a high school student in the Hempstead Union Free School District (hereinafter the District), was hospitalized after she allegedly developed salmonella poisoning upon consuming tainted chicken nuggets in her high school cafeteria. In November 2004, she and her father commenced this action against the District and the defendant Nassau University Medical Center (hereinafter the Medical Center), alleging that the District was negligent, inter alia, in controlling, inspecting, and operating the school cafeteria, and that the Medical Center committed medical malpractice in treating her.

After discovery was completed, the District moved for summary judgment dismissing the complaint insofar as asserted against it, submitting, among other things, the deposition testimony of its director of food service and of its head cook, describing the District's food handling procedures with respect to food generally and chicken nuggets in particular, and establishing that no student other than the plaintiff was diagnosed with salmonella poisoning in the relevant time period. The plaintiffs opposed the motion, submitting, inter alia, an affirmation of Dr. Rizwanullah Hameed, who opined that the plaintiff's illness was caused by her consumption of tainted chicken from the high school cafeteria. The Supreme Court granted the District's motion, finding that the District had established its prima facie entitlement to judgment as a matter of law, and that Dr. Hameed's affirmation did not raise a question of fact as to causation. We affirm.

The plaintiffs do not dispute that the District met its prima facie burden of establishing that the plaintiff's illness was not caused by food consumed in the high school cafeteria (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *cf. Amit v Hineni Heritage Ctr.,* 49 AD3d 574 [2008]). Moreover, contrary to the plaintiffs' contentions, we agree with the Supreme Court that, in opposition to the motion, the plaintiffs failed to raise a triable issue of fact (*see Ortega v Trefz,* 44 AD3d 916, 917 [2007]). In particular, Dr. Hameed's affirmation was entirely conclusory with respect to its assertion that the onset of the injured plaintiff's symptoms after she ate the chicken nuggets was "clearly within the classical parameters of food-borne salmonella poisoning," as nothing in Dr. Hameed's affida-

vit delineated those parameters (*see Edelson v Placeway Constr. Corp.*, 33 AD3d 844, 845 [2006]; *cf. Paulino v Dedios*, 24 AD3d 741 [2005]; *Meiheng Qu v Doshna*, 12 AD3d 578 [2004]). Consequently, the Supreme Court properly granted the District's motion (*see Zuckerman v City of New York*, 49 NY2d at 562-563; *cf. Amit v Hineni Heritage Ctr.*, 49 AD3d 574 [2008]). Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.