Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about January 11, 2007, which, in an action by a hairdresser for personal injuries allegedly caused by his occupational exposure to defendants’ hair coloring products, granted defendants’ motions for summary judgment dismissing the complaint, and order, same court and Justice, entered on or about August 3, 2007, which, insofar as appealable, denied plaintiff’s motion to renew, unanimously affirmed, without costs.
The motion court correctly found that plaintiff failed to raise an issue of fact in response to defendants’ prima facie showing that the scientific community has not generally accepted plaintiff’s theory that his ailments can be caused by daily, occupational exposure to the chemicals contained in defendants’ hair dyes (see Marso v Novak, 42 AD3d 377, 378-379 [2007]). Moreover, as the motion court also pointed out, plaintiff’s experts do not even attempt to show how much exposure to which chemical or chemicals, whether phenylenediamine, resorcinol or some other substance, will render an individual susceptible to toxic poisoning, the extent of plaintiffs exposure to each chemical or the quantity of each present in defendants’ products (see Parker v Mobil Oil Corp., 7 NY3d 434, 448-449 [2006]). Indeed, it does not even appear that any objective tests *344 were ever performed on plaintiff to diagnose the presence of toxic agents in his body (see Edelson v Placeway Constr. Corp., 33 AD3d 844, 845 [2006]). We have considered plaintiffs other arguments and find them unavailing. Concur — Lippman, EJ., Mazzarelli, Buckley, McGuire and DeGrasse, JJ. [See 14 Mise 3d 1204(A), 2006 NY Slip Op 52409(U).]