Lorincz v Castellano (2022 NY Slip Op 04906)

Lorincz v Castellano

2022 NY Slip Op 04906

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2021-02136
 (Index No. 604102/17)

[*1]Stephen Lorincz, appellant,
v
Rosario Castellano, et al., respondents (and a third-party action).

Law Office of Alan M. Sanders, LLC (Lawrence B. Goodman, New York, NY, of counsel), for appellant.
Martyn, Martyn, Smith, Murray & Yong, Mineola, NY (Dennis Connor of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered March 8, 2021. The order, insofar as appealed from, granted the defendants' motion to preclude the plaintiff from offering any evidence at trial regarding injury to his right knee and denied the plaintiff's cross motion, in effect, for leave to amend his bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 24, 2017, the plaintiff allegedly was injured on a roadway in Franklin Square when the vehicle he was operating was struck by a vehicle operated by the defendant Rosario Castellano and owned by the defendant Roberto Castellano (hereinafter together the defendants). In or about May 2017, the plaintiff commenced this action against the defendants. Issue was joined by the service of a verified answer dated June 26, 2017. In a bill of particulars dated January 24, 2018, the plaintiff alleged, inter alia, that he sustained injuries to his left knee which required surgery on May 18, 2017. He also alleged injuries to the cervical region of his spine. On April 11, 2018, the plaintiff was deposed, at which time he testified regarding the injuries to his left knee and the cervical region of his spine and the treatments he received for those injuries. In late November 2018, the matter was certified ready for trial, and a note of issue was filed on December 7, 2018. In a supplemental bill of particulars dated February 22, 2019, the plaintiff alleged that he underwent surgery to the cervical region of his spine on February 13, 2019. In a second supplemental bill of particulars dated October 21, 2019, the plaintiff alleged that on June 3, 2019, he underwent a left knee arthroplasty. On June 4, 2020, the plaintiff was deposed for a second time in response to his supplemental bill of particulars and second supplemental bill of particulars. Toward the end of the second deposition, the plaintiff testified, for the first time, that his right knee was injured in the subject accident. The plaintiff's disclosure of this new injury came more than three years after the action was commenced and approximately a year and a half after the note of issue was filed and the action certified ready for trial.
In August 2020, the defendants moved to preclude the plaintiff from offering any evidence at trial regarding injury to his right knee. In response, the plaintiff opposed the motion and cross-moved, in effect, for leave to amend his bill of particulars. The Supreme Court, inter alia, granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
Leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise (see Kirk v Nahon, 160 AD3d 823, 824). However, once discovery has been completed and the case has been certified for trial, a party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 960; Cioffi v S.M. Foods, Inc., 178 AD3d 1015, 1016; Anonymous v Gleason, 175 AD3d 614, 617-618). Where the motion for leave to amend a pleading is made long after the action has been certified for trial, "'judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious'" (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828, quoting Clarkin v Staten Is. Univ. Hosp., 242 AD2d 552, 552).
Here, the plaintiff failed to show special and extraordinary circumstances in seeking, in effect, leave to amend the bill of particulars more than three years after commencement of the action and nearly two years after the action was certified ready for trial and a note of issue filed. It was not until his second deposition in June 2020 that the plaintiff alleged that he sustained right knee injuries as a result of the subject accident. Yet, he did not seek leave to amend the bill of particulars until late November 2020, when he cross-moved for such relief in response to the defendants' motion to preclude. Under the circumstances, the plaintiff failed to adequately explain the delay in seeking to add the new injuries (see Rodgers v New York City Tr. Auth., 109 AD3d 535, 537). The plaintiff also failed to make a showing that the proposed amendment had merit. In his affidavit in support of his cross motion, he made only subjective and conclusory assertions that the right knee injuries were a "natural sequela" of the surgeries to his left knee. Furthermore, the unsworn progress note from his treating physician that the right knee injury was "all related" to the subject accident was equally conclusory and also lacking in foundation (see Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 908; Matter of Bronstein-Becher v Becher, 25 AD3d 796, 797). Finally, contrary to the plaintiff's contention that the defendants would not be prejudiced by the proposed amendment to the bill of particulars, such amendment would require the defendants to, at a minimum, conduct further discovery and possibly reorient their defense strategy (see Al-Khilewi v Turman, 82 AD3d 1021, 1022).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion, in effect, for leave to amend his bill of particulars and, for the same reasons, properly granted the defendants' motion to preclude the plaintiff from offering any evidence at trial regarding injury to his right knee.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court