Pecora v Fitness Intl., LLC (2023 NY Slip Op 00103)

Pecora v Fitness Intl., LLC

2023 NY Slip Op 00103

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-13498
 (Index No. 150176/17)

[*1]Michael Pecora, appellant, 
v
Fitness International, LLC, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Goldberg Segalla, LLP, Buffalo, NY (William T. O'Connell and Matthew Miller of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated June 19, 2019. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 18, 2014, the plaintiff became a member of a health club owned and operated by the defendants. According to the plaintiff, "towards the end of July," he developed an infection on his stomach and was treated at a local hospital for four or five days. Thereafter, the plaintiff continued to use the health club, including a sauna on the premises. The plaintiff used the sauna on October 31, 2014, and, approximately one day later, he developed MRSA, a type of bacterial infection.
Thereafter, the plaintiff commenced this personal injury action against the defendants, alleging that he contracted both infections as a result of using the sauna at the defendants' facility. The defendants moved for summary judgment dismissing the complaint. In an order dated June 19, 2019, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Chang v Marmon Enters., Inc., 172 AD3d 678, 678; see Basso v Miller, 40 NY2d 233, 241; Marazita v City of New York, 202 AD3d 951, 952). To hold a defendant liable for a breach of this duty, a plaintiff must prove, among other things, "that a defective condition existed and was a proximate cause of his or her injuries" (Nunez v Chase Manhattan Bank, 155 AD3d 641, 643). A defendant can make a prima facie showing of entitlement to summary judgment dismissing the complaint by demonstrating that "there was no dangerous or defective condition that could have caused" the plaintiff's injury (Touloupis v Sears, Roebuck & Co., 155 AD3d 807, 809; see Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 769-770).
Here, the defendants made a prima facie showing that the plaintiff would not be able [*2]to prove, without resorting to speculation, that the pathogen which caused his infections was present at the defendants' facility (see Payano v Hempstead Union Free School Dist., 54 AD3d 322; Velez v City of New York, 24 AD3d 239; Pagan v Local 23-25 Intl. Ladies Garment Workers Union, 234 AD2d 37; cf. Manavazian v Pietromonaco, 188 AD3d 866; Vojvodic v City of New York, 148 AD3d 1086). The defendants' submissions in support of their motion demonstrated that MRSA can be transmitted through a variety of common everyday interactions, that the defendants' facility underwent regular cleaning, and that the facility received no reports or complaints of anyone contracting MRSA or any infection at the facility prior to October 31, 2014 (see Payano v Hempstead Union Free School Dist., 54 AD3d at 323). Since there could have been many possible sources of the infection-producing pathogen, any determination by the trier of fact that a condition at the defendants' facility caused the plaintiff's infections "would be based upon sheer conjecture" (Dennis v Lakhani, 102 AD3d 651, 652; cf. Ash v City of New York, 109 AD3d 854, 855; Garvin v Rosenberg, 204 AD2d 388). In opposition, the plaintiff failed to raise a triable issue of fact (see Edelson v Placeway Constr. Corp., 33 AD3d 844). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court