Cuthill v Won Min Yun (2023 NY Slip Op 01076)

Cuthill v Won Min Yun

2023 NY Slip Op 01076

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06687
 (Index No. 707376/20)

[*1]Felicia Cuthill, appellant, et al., plaintiff, 
v
Won Min Yun, et al., respondents.

Joseph A. Faraldo, Kew Gardens, NY, for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Felicia Cuthill appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered August 26, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Felicia Cuthill on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Felicia Cuthill is denied.
The plaintiffs commenced this action to recover damages for personal injuries they each allegedly sustained in a motor vehicle accident. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Felicia Cuthill on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered August 26, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion. Cuthill appeals.
The defendants met their prima facie burden of showing that Cuthill did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to Cuthill's left shoulder and to the cervical and lumbar regions of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiffs raised a triable issue of fact as to whether Cuthill sustained serious injuries to her left shoulder and to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
The defendants failed to establish, prima facie, that the alleged injuries to Cuthill's left shoulder and to the cervical and lumbar regions of her spine were not caused by the accident (see [*2]Zennia v Ramsey, 208 AD3d 735, 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809; Reyes v Diaz, 82 AD3d 484; see generally Jilani v Palmer, 83 AD3d 786, 787). Although the defendants' expert opined that Cuthill's injuries were degenerative in nature, the defendants failed to address the plaintiffs' claims, set forth in the bill of particulars, that the accident exacerbated Cuthill's degenerative injuries and other preexisting injuries to her left shoulder and the cervical and lumbar regions of her spine (see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; Sanclemente v MTA Bus Co., 116 AD3d 688, 688; Rodgers v Duffy, 95 AD3d 864, 866; Edouazin v Champlain, 89 AD3d 892, 895).
Finally, the defendants' submissions failed to eliminate triable issues of fact regarding Cuthill's claims, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; see also Richards v Tyson, 64 AD3d 760, 761).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Cuthill.
The parties' remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court