Ghosio v Weiser (2024 NY Slip Op 00616)

Ghosio v Weiser

2024 NY Slip Op 00616

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-02779
2022-08194
 (Index No. 32209/20)

[*1]Michelle J. Ghosio, appellant, 
v
Sandra F. Weiser, respondent.

Adams Law Firm, P.C., Bardonia, NY (Jeffrey M. Adams of counsel), for appellant.
Russo & Gould, LLP, New York, NY (Patrice M. Coleman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 1, 2022, and (2) an order of the same court dated September 6, 2022. The order dated April 1, 2022, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident at issue and denied the plaintiff's cross-motion, in effect, for leave to amend the bill of particulars. The order dated September 6, 2022, denied the plaintiff's motion for leave to renew and reargue her opposition to the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident at issue and her cross-motion, in effect, for leave to amend the bill of particulars.
ORDERED that the order dated April 1, 2022, is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident at issue, and substituting therefor a provision denying the motion; as so modified, the order is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated September 6, 2022, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated September 6, 2022, as denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident at issue is dismissed as academic in light of our determination on the appeal from the order dated April 1, 2022; and it is further,
ORDERED that the order dated September 6, 2022, is affirmed insofar as reviewed; [*2]and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2020, the plaintiff commenced this action to recover damages for personal injuries that she alleged she sustained in a motor vehicle accident that occurred in April 2019 when a motor vehicle driven by the defendant collided with a motor vehicle that the plaintiff was driving. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident. The plaintiff opposed the motion and cross-moved, in effect, for leave to amend the bill of particulars. In an order dated April 1, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff moved for leave to renew and reargue her opposition to the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident and her cross-motion, in effect, for leave to amend the bill of particulars. In an order dated September 6, 2022, the court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion, in effect, for leave to amend the bill of particulars. "Leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise. However, once discovery has been completed and the case has been certified for trial, a party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Lorincz v Castellano, 208 AD3d 573, 574-575 [citation omitted]). Here, the plaintiff failed to demonstrate special and extraordinary circumstances in seeking to amend the bill of particulars more than 18 months after commencing this action and more than 4 months after the note of issue was filed and the case was certified ready for trial (see id. at 575; Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011).
However, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident. The defendant met her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her brain under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219; Cuthill v Won Min Yun, 214 AD3d 623, 624). The plaintiff's expert opined, inter alia, that the plaintiff suffered from severe and disabling headaches that limited her daily activities as a result of the accident.
The defendant failed to establish, prima facie, that the motor vehicle accident did not exacerbate the plaintiff's preexisting injuries to her brain (see Cuthill v Won Min Yun, 214 AD3d at 625; Keenum v Atkins, 82 AD3d 843, 844).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle accident.
A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]), and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). Although it is within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation. Where a moving party does not submit a reasonable justification for failing to present the new facts on the [*3]original motion, the court lacks discretion to grant renewal (see Caraballo v Kim, 63 AD3d 976, 979). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew her cross-motion, in effect, for leave to amend the bill of particulars, as the plaintiff did not provide a reasonable justification for her failure to provide a report from Good Samaritan Hospital in the original cross-motion (see id. at 979). Further, the medical report is without probative value since it is unsworn or unaffirmed (see Niles v Lam Pakie Ho, 61 AD3d 657, 658).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court