Strong v Sigman (2024 NY Slip Op 01028)

Strong v Sigman

2024 NY Slip Op 01028

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-08690 
2022-01548
 (Index No. 706224/19)

[*1]Tanequa Strong, appellant, 
v
Abraham Sigman, et al., respondents.

Alan J. Stern, P.C. (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Martyn Smith Murray & Young, Hauppauge, NY (Robert A. Drummond of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered November 5, 2021, and (2) an order of the same court entered February 2, 2022. The order entered November 5, 2021, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order entered February 2, 2022, denied the plaintiff's motion for leave to reargue her opposition to the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the appeal from the order entered February 2, 2022, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered November 5, 2021, is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered November 5, 2021, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the [*2]permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614, 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical and lumbar regions of her spine under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). Contrary to the defendants' contention, Insurance Law § 5102(d) does not expressly set forth any temporal requirement for the significant limitation of use category, and a "significant limitation" need not be permanent in order to constitute a serious injury (see Vasquez v Almanzar, 107 AD3d 538, 539-540; Estrella v GEICO Ins. Co., 102 AD3d 730, 731-732).
Additionally, the defendants failed to establish, prima facie, that the plaintiff's injuries to the cervical and lumbar regions of her spine were not caused by the accident. The defendants' expert failed to address the plaintiff's claims, set forth in the bill of particulars, that the accident exacerbated the preexisting injuries to those body parts (see Detoma v Dobson, 214 AD3d 949, 951; Cuthill v Won Min Yun, 214 AD3d 623, 625; D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., VOUTSINAS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court