Kaur v Jamaica Hosp. Med. Ctr. (2025 NY Slip Op 02579)

Kaur v Jamaica Hosp. Med. Ctr.

2025 NY Slip Op 02579

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-05349
2024-12231
 (Index No. 707784/17)

[*1]Ranbir Kaur, appellant, 
v
Jamaica Hospital Medical Center, etc., et al., respondents.

Bhurtel Law Firm PLLC, New York, NY (Dylan J. Brennan of counsel), for appellant.
Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino and Yuko A. Nakahara of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 7, 2022, and (2) an order of the same court entered June 13, 2022. The order entered June 7, 2022, insofar as appealed from, denied those branches of the plaintiff's motion which were to compel certain discovery or, in the alternative, to strike the defendants' answers. The order entered June 13, 2022, granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for leave to amend her bill of particulars to allege more specific acts of negligence by the defendants.
ORDERED that the order entered June 7, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered June 13, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In June 2017, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice. The plaintiff alleged, among other things, that the defendants, Jamaica Hospital Medical Center and Elaine L. Brown, deviated from the accepted standard of medical care in their handling of the plaintiff's prenatal care, resulting in her delivery of a stillborn fetus. The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved for leave to amend her bill of particulars to allege more specific acts of negligence by the defendants. The plaintiff separately moved, inter alia, to compel certain discovery, including the production of electronically stored information relating to the plaintiff's medical records, or, in the alternative, to strike the defendants' answers. In an order entered June 7, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were to compel certain discovery or, in the alternative, to strike the defendants' answers. In an order entered June 13, 2022, the court granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for leave to amend her bill of particulars to allege more specific acts of negligence by the defendants. The plaintiff appeals.
"'A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) [whether] such a departure was a proximate cause of the plaintiff's injuries'" (Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d 428, 429 [citation and internal quotation marks omitted], quoting Russell v Garafalo, 189 AD3d 1100, 1101). "'Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden'" (id., quoting Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526).
"While '[s]ummary judgment is [generally] not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, as [s]uch credibility issues can only be resolved by a jury' (Smith v Sommer, 189 AD3d 906, 907), 'expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact' (Wagner v Parker, 172 AD3d 954, 955)" (Elstein v Hammer, 192 AD3d 1075, 1077 [citations omitted]). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (id., quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Here, the defendants established, prima facie, that their alleged departures from the standard of care did not proximately cause the plaintiff's injuries, thereby demonstrating their entitlement to judgment as a matter of law (see Corujo v Caputo, 224 AD3d 729, 731; Wijesinghe v Buena Vida Corp., 210 AD3d 824, 826). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert affidavit relied upon facts that were not supported by the record and failed to address specific opinions offered by the defendants' expert. The plaintiff's expert affidavit was thus speculative, conclusory, and insufficient to defeat the defendants' motion for summary judgment dismissing the complaint (see Corujo v Caputo, 224 AD3d at 732; Getselevich v Ornstein, 219 AD3d 1493, 1495; Elstein v Hammer, 192 AD3d at 1079). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
Although "'[l]eave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise'" (J.D.R.G. v Golden Brick Dev. JP, LLC, 217 AD3d 846, 848, quoting Lorincz v Castellano, 208 AD3d 573, 574), "'once discovery has been completed and the case has been certified for trial, a party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances'" (id., quoting Lorincz v Castellano, 208 AD3d at 574-575). Here, the plaintiff sought to amend her bill of particulars approximately four months after the plaintiff filed her note of issue, without demonstrating extraordinary circumstances warranting the proposed amendment. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion for leave to amend her bill of particulars to allege more specific acts of negligence by the defendants (see id.; Lorincz v Castellano, 208 AD3d at 574; Achee v Merrick Vil., Inc., 208 AD3d 542, 542).
Finally, the Supreme Court properly denied those branches of the plaintiff's motion which were to compel certain discovery or, in the alternative, to strike the defendants' answers, as the plaintiff had previously sought and been denied the same relief (see U.S. Bank N.A. v Moss, 186 AD3d 1753, 1753; Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722).
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court