DelGrosso v Ljutich (2025 NY Slip Op 05499)

DelGrosso v Ljutich

2025 NY Slip Op 05499

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-04960
 (Index No. 52042/21)

[*1]Frederick DelGrosso, appellant, 
v
Frank Ljutich, respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Jack W. Lockwood II of counsel), for appellant.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Thomas R. Davis, J.), dated April 22, 2024. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was struck by the defendant's vehicle in November 2020 while he was walking on the road near his home. The defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated April 22, 2024, the Supreme Court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
Contrary to the Supreme Court's determination, the defendant failed to meet his prima facie burden of showing that the plaintiff's injuries were not caused by the accident (see Cuthill v Won Min Yun, 214 AD3d 623, 624). The defendant's submissions failed to address the plaintiff's claims set forth in the bill of particulars that, as a result of the defendants' negligence, the accident exacerbated preexisting injuries to the plaintiff's left knee (see Petric v Retsina Cab Corp., 235 AD3d 672, 673; Boxwill v County of Nassau, 227 AD3d 945, 946). Furthermore, the defendant's submissions failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in his bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969).
Since the defendant failed to meet his prima facie burden, the Supreme Court should [*2]have denied that branch of his motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, without regard to the sufficiency of the plaintiff's submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Santos v Fiktus, 232 AD3d 698, 699).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court