D.O. v Economic Opportunity Council of Suffolk, Inc. (2026 NY Slip Op 01797)

D.O. v Economic Opportunity Council of Suffolk, Inc.

2026 NY Slip Op 01797

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DONNA-MARIE E. GOLIA
SUSAN QUIRK, JJ.

2023-11967
 (Index No. 16537/19)

[*1]D.O., etc., appellant, 
vEconomic Opportunity Council of Suffolk, Inc., et al., respondents.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for appellant.
Marshall Dennehey, P.C., New York, NY (Diane K. Toner of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated September 27, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for leave to amend the bill of particulars.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, an infant, by her mother and natural guardian, commenced this action against the defendants to recover damages for personal injuries the plaintiff alleged she sustained in July 2019 after a fall at a day care center owned and operated by the defendants. In the complaint and bills of particulars, the plaintiff alleged, inter alia, that she sustained injuries when she "fell off the subject slide" because of the defective and hazardous condition of the slide and as a result of the defendants' negligent supervision of a play area. In October 2022, the plaintiff filed a note of issue and certificate of readiness for trial. Thereafter, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved for leave to amend the bill of particulars. In an order dated September 27, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion for leave to amend the bill of particulars. "'Leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise'" (J.D.R.G. v Golden Brick Dev. JP, LLC, 217 AD3d 846, 848, quoting Lorincz v Castellano, 208 AD3d 573, 574; see CPLR 3025). "However, once discovery has been completed and the case has been certified for trial, a party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Lorincz v Castellano, 208 AD3d at 574-575; see Achee v Merrick Vil., Inc., 208 AD3d 542, 543). "Leave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves [*2]no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (Achee v Merrick Vil., Inc., 208 AD3d at 543 [alteration and internal quotation marks omitted]; see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 960). "'Where the motion for leave to amend a pleading is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious'" (J.D.R.G. v Golden Brick Dev. JP, LLC, 217 AD3d at 848, quoting Lorincz v Castellano, 208 AD3d at 575 [internal quotation marks and citations omitted]). Here, contrary to the plaintiff's contention, the proposed amendment to the bill of particulars raised an entirely new theory of liability well after discovery had been completed. Moreover, the proposed amendment was advanced only in response to the defendants' motion for summary judgment, the plaintiff failed to proffer a reasonable excuse for the delay in seeking the amendment, and the proposed amendment was prejudicial to the defendants (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d at 960; King v Marwest, LLC, 192 AD3d 874, 876).
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging premises liability. "'A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition'" (Pecora v Fitness Intl., LLC, 212 AD3d 644, 645, quoting Chang v Marmon Enters., Inc., 172 AD3d 678, 678). "In order to hold a property owner liable for a breach of this duty, a plaintiff must prove not only that a defective condition existed and was a proximate cause of his or her injuries, but also that the property owner either created the defective condition or had actual or constructive notice of its existence" (Nunez v Chase Manhattan Bank, 155 AD3d 641, 643). "A defendant can make a prima facie showing of entitlement to summary judgment dismissing the complaint by demonstrating that 'there was no dangerous or defective condition that could have caused' the plaintiff's injury" (Pecora v Fitness Intl., LLC, 212 AD3d at 645, quoting Touloupis v Sears, Roebuck & Co., 155 AD3d 807, 809).
Here, the expert affidavits submitted by the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging premises liability by demonstrating that the slide and playset were free of defects (see Bergin v Town of Oyster Bay, 51 AD3d 698, 698). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert opined as to an alleged defect in the flooring but did not rebut the defendants' prima facie showing that the slide and playset were defect free (see Lopez v Freeport Union Free School Dist., 288 AD2d 355, 356).
However, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision. Day care providers are under a duty to adequately supervise the children in their charge and may be held liable for foreseeable injuries proximately related to a lack of adequate supervision (see Acosta v Yonkers Pub. Schs., 228 AD3d 711, 711; A.D.G. v Children's Ark Daycare Ctr., Inc., 174 AD3d 861, 861-862). "In general, the duty of a day care/preschool provider is to supervise the children in its care with the same degree of care as a parent of ordinary prudence would exercise in comparable circumstances" (O'Hanlon v Kids of Mount Sinai, LLC, 170 AD3d 1187, 1188). Generally, whether supervision was adequate and whether inadequate supervision was the proximate cause of a child's injury are questions of fact (see L.S. v Massapequa Union Free Sch. Dist., 215 AD3d 708, 709-710).
Here, the defendants failed to demonstrate, prima facie, that they provided adequate supervision to the plaintiff or that a lack of adequate supervision was not a proximate cause of the plaintiff's injuries (see id. at 710; A.D.G. v Children's Ark Daycare Ctr., Inc., 174 AD3d at 862). The defendants submitted, among other things, an expert affidavit from a child supervision expert and a transcript of the deposition testimony of the care provider present at the time of the plaintiff's injury. The care provider testified that she was trained to always keep the children in her sight while they are in the gym. Moreover, the defendants' expert emphasized that a teacher's position should allow the teacher to clearly see the entire play area and the children. However, despite the care provider's admitted familiarity with these practices, she testified that she was occupied tying another child's shoe with her back turned when the plaintiff was on the playset with her brother and that she [*3]did not see the plaintiff until the plaintiff was on the ground. The defendants thereby failed to eliminate all triable issues of fact as to negligent supervision (see L.S. v Massapequa Union Free Sch. Dist., 215 AD3d at 710; A.D.G. v Children's Ark Daycare Ctr., Inc., 174 AD3d at 862). Since the defendants failed to meet their prima facie burden, it is unnecessary to consider the adequacy of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court